**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4673**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIE LAZZLO HENDERSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:11-cr-00146-H-1)

Submitted: June 7, 2013          Decided: July 10, 2013

Before MOTZ, GREGORY, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Michael McGuinness, THE MCGUINNESS LAW FIRM, Elizabethtown, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Lazzlo Henderson, convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924, challenges his conviction on five grounds. We affirm.

## I.

First, Henderson contends that the district court erred in denying his motion to suppress the firearm that forms the basis of his conviction. We review factual findings for clear error and legal conclusions de novo. See United States v. Dire, 680 F.3d 446, 473 (4th Cir. 2012).

A domestic dispute gave rise to the search that located the gun at issue here. Pamela Bullock, known by one of the arresting officers since high school, initiated a 911 call. She asserted that: Henderson, a convicted felon, who fought with her and took her gun, was proceeding east from her residence on foot with the intent to sell the gun. Officers responded within three minutes. They had responded to similar recent domestic calls from Ms. Bullock complaining about Henderson and knew the area to be an area of drug trafficking. Acting on all of this information, the officers found Henderson a short time later and when he refused to stop and raise his hands, the officers drew their weapons, frisked him, and found the gun.

2

After hearing testimony from the police officers, the magistrate judge recommended that the suppression motion be denied. The magistrate credited the officers and concluded that the show of force constituted a valid investigatory stop under Terry v. Ohio, 392 U.S. 1 (1968), given their reasonable articulable suspicion for believing Henderson to be in possession of a gun. The district court adopted the recommendation and refused to suppress the evidence or the officers' testimony, both of which were admitted at trial.[*]

Henderson maintains that "there were plenty of reasons for the law enforcement officers to doubt the reliability of Bullock." Perhaps, but as outlined above, there was nonetheless ample evidence, including Henderson's own actions, for the officers to credit Bullock. The district court's denial of the motion to suppress, well reasoned and supported by evidence, did not constitute error.

II.

Henderson also maintains that the district court erred in permitting a Government witness, in the presence of the jury, to

---

[*] Henderson did not testify at the suppression hearing but did testify at trial. He offered a very different account of the evening and his encounter with police. Of course, the jury was free to credit his testimony over that of the officers.

3

testify to Henderson's invocation (apparently post Miranda warnings) of his right to counsel. Henderson immediately objected to the statement but the court overruled his objection. We review de novo. United States v. Sullivan, 138 F.3d 126, 131 (4th Cir. 1998).

The Government argues that admission of the statement is not error. We cannot agree. See Doyle v. Ohio, 426 U.S. 610, 616-20 (1976); see also Wainwright v. Greenfield, 474 U.S. 284, 289-96 & n.13 (1986). Indeed, less than ten years ago, the United States Attorney's Office, in the same district, conceded that such a comment was error. See United States v. Locklear, 24 F.3d 641, 649 n.7 (4th Cir. 1994). But, given the fact the Government never sought to exploit this isolated statement and the mountain of evidence offered by the Government demonstrating Henderson's guilt, we believe the error was harmless. See id.; Williams v. Zahradnick, 632 F.2d 353, 361-62 (4th Cir. 1998).

III.

In addition, Henderson argues that the district court erroneously admitted evidence in violation of Fed. R. Civ. P. 401 and 402. We can reverse only if we find an abuse of discretion. See United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994). The challenged evidence concerns Henderson's prior disputes with Bullock, his alleged assault of her, his intent to

4

sell the gun, and his 2001 felony conviction for breaking and entering. Given Henderson's decision to testify on his own behalf, attempting to explain away the assault and gun theft, and putting his credibility at issue, we cannot conclude that the district court abused its discretion in admitting the challenged evidence.

## IV.

Henderson also maintains that the district court erred in refusing to grant his appellate counsel the right to review the grand jury transcript. We review for abuse of discretion. See In re Grand Jury Proceedings GJ-76-4 & GJ-75-3, 800 F.2d 1293, 1299, 1303 (4th Cir. 1986). To obtain grand jury transcripts, an applicant must demonstrate a "strong showing of particularized need." See United States v. Sells Eng'g Inc., 463 U.S. 418, 443 (1983). Henderson made no such showing. Accordingly, the district court did not abuse its discretion in refusing to permit appellate counsel to view the grand jury transcript.

## V.

Finally, Henderson maintains that the "multiple alleged errors" set forth above cumulatively require reversal. We have held that none of Henderson's individual claims of error require

reversal and so must reject his claim that "cumulative error" requires reversal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED